(No. 1110—Claimant awarded $4,000.00.)

MARY E. STOTTS, ADMINISTRATRIX OF THE ESTATE OF WILLIAM B. STOTTS, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

RESPONDEAT SUPERIOR—*State not liable.* The State is not liable for an injury sustained by its employee while in the discharge of his duty.

SOCIAL JUSTICE AND EQUITY—*award may be made. Compensation Law.* Compensation may be awarded under the provisions of the Workmen's Compensation Act, although the State is not liable for the death of an employee caused by injuries sustained in the performance of his duty.

FRED RHOADS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim brought by Mary E. Stotts, as administratrix of the estate of William B. Stotts, deceased, against the State of Illinois, on account of the death of her husband, who died as a result of an injury received by him while in the employ of the Highway Department of the Department of Public Works and Buildings, while engaged in painting a bridge on the State Highway Route No. 1, at Big Creek, about eight or ten miles south of Paris, Illinois, where Stotts, with other workmen, was standing on a scaffold swing under a bridge. The accident occurred on May 25, 1926, between 9:30 and 9:40 A. M. A ladder used as one support of the swing broke, precipitating Stotts to the ground underneath, where he struck on or between two blocks of concrete that had previously been thrown there from the roadway above resulting in what is commonly known as a broken back. Stotts, at the time of the injury, was under the direct supervision of Ross Hensley, as foreman of the painting department of the district engineers of the highway department located at Paris, Illinois, who directed and superintended his removal to the Paris Hospital, where he was given medical attention by Dr. Roland Hazen and placed in a plaster cast, where he remained until June 15, 1926, at 11:00 P. M., when he died.

At the time of his death Stotts lived with his family on a small farm about six miles east of Paris, and was working as a common laborer for the highway department whenever

they had work for him to do, and had been working about a week or ten days at the time of the accident. He was working nine hours a day and receiving 40 cents per hour and got his pay check on Saturday of each week, amounting to $21.60 weekly. At the time of his death he left surviving him Mary E. Stotts, as his widow, and one son aged 11 years. The State Highway Department of the State of Illinois have paid all of the hospital bills and nurse hire furnished to the decedent during the time between the date of his injury and the date of his death.

To the declaration filed by claimant, the State of Illinois, by the Attorney General, filed a demurrer, which is sustained as a matter of law.

Under the provisions of the Workmen's Compensation Act of the State of Illinois, the claimant is entitled to receive the sum of $4,000.00, and we accordingly award to her the sum of $4,000.00.